CLEVENGER, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s reversal of judgment as a matter of law on the issue of indirect infringement. Because the jury’s verdict on indirect infringement is not supported by substantial evidence, we should affirm.
As the majority acknowledges, the Supreme Court has made clear that to be guilty of indirect infringement, the accused infringer must either actually know of, or *951 be willfully blind to, both the existence of the patent and the fact of infringement. Global-Tech Appliances, Inc. v. SEB S.A., — U.S. -, 131 S.Ct. 2060, 2068, 179 L.Ed.2d 1167 (2011) (“we now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement.”); see also In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1339 (Fed.Cir.2012) (“[t]o survive Appel-lees’ motion to dismiss, therefore, [the pat-entee’s] amended complaints must contain facts plausibly showing that Appellees specifically intended their customers to infringe the ... patent and knew that the customer’s acts constituted infringement.”). This is true for both induced and contributory infringement. See Global-Tech, 131 S.Ct. at 2067 (“[A] violator of § 271(c) ‘must know that the combination for which his component was especially designed was both patented and infringing.’ ” (quoting Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 488, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964))).
Here, it is undisputed that Arthrex knew of the existence of the '557 patent. The parties dispute whether or not Ar-threx was willfully blind to the fact of infringement.
Willful blindness is a high standard; it requires both “(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact.” Global-Tech, 131 S.Ct. at 2070.
In this case, Smith & Nephew did not present substantial evidence that Arthrex subjectively believed that they infringed. Smith & Nephew introduced circumstantial evidence to the effect that Arthrex was lagging in the suture anchor market. Smith & Nephew also showed that Arthrex learned of the patent before launching Su-tureTak on the market. Smith & Nephew used this evidence to imply that Arthrex copied their resilient suture anchor.
Arthrex rebutted this evidence with testimony showing that their product designers subjectively believed they did not infringe, and in fact understood that the accused products worked in an entirely different manner. To rebut any inference of copying, Arthrex showed that they did not change the design of the SutureTak products after learning of the '557 Patent. The only reasonable conclusion a jury could reach based on this evidence is that Arthrex did not subjectively believe they infringed the patent, and therefore Smith & Nephew failed to show willful blindness under the Global-Tech standard as a matter of law.
Because Smith & Nephew’s damages award was based solely on indirect infringement, we should affirm the court below on the issue of indirect infringement. I would not reach the issue of claim construction.